**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          CV 08-1151 JP/KBM
                                                                                    CR 97-0231 JP

JOSE DE JESUS VALADEZ-CAMARENA,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Motion To Review Case (CR Doc. 257; CV Doc. 1) filed on December 8, 2008. The motion asserts a claim of double jeopardy and challenges Defendant's conviction.

       As noted in the order entered in this matter on January 6, 2009, Defendant's attack on his conviction may be pursued only in a motion under 28 U.S.C. § 2255. The gravamen of Defendant's motion is that his conviction violated his constitutional rights under the Double Jeopardy Clause. This claim is expressly contemplated by § 2255; relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255; *and see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus").

       Nonetheless, the Court is not required to recharacterize Defendant's motion as a § 2255 motion. In Defendant's appeal from the dismissal of an earlier § 2255 proceeding, the Court of Appeals for the Tenth Circuit ruled that a district court does not abuse its discretion in declining to recast a filing as a § 2255 motion when relief would be "facially 'barred as untimely . . . or as second or successive under 28 U.S.C. § 2255.' " *See United States v. Valadez-Camarena*, 402 F.3d 1259,

1261 (10th Cir. 2005) (internal citation omitted).  Approximately nine years have passed since Defendant's judgment became final, *see* § 2255 (setting one-year time limit for filing motion), and he has previously filed a § 2255 motion (CR Doc. 242).  The Court declines to recharacterize the instant motion as a § 2255 motion.  Because the relief that Defendant seeks is available only under § 2255, the Court will deny his motion.  In accordance with *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003), Defendant is hereby notified that a notice of appeal from an order denying a postconviction criminal motion must be filed within ten days after entry of the order.

     IT IS THEREFORE ORDERED that Defendant's Motion To Review Case (CR Doc. 257; CV Doc. 1) filed on December 8, 2008, is DENIED; and the captioned civil proceeding is DISMISSED;

     IT IS FURTHER ORDERED that, pursuant to Final Order (CR Doc. 248), the Clerk is directed to administratively close Defendant's earlier motion to vacate, set aside, or correct sentence (CR Doc. 242) in the criminal case.

                                             */s/ James A. Parker*
                                SENIOR UNITED STATES DISTRICT JUDGE